UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN D. SPELLMAN,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>        Defendant. | No. CV-07-5063-JPH<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 17, 21.) Attorney Jeannine LaPlace represents Plaintiff; Special Assistant United States Attorney David Blume represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and remands the matter to the Commissioner for additional proceedings.

**JURISDICTION**

On April 20, 2004, Plaintiff Steven Spellman (Plaintiff) filed for disability insurance benefits (DIB) and supplemental security income benefits (SSI). (Tr. 51-58.) Upon initial application, plaintiff alleged disability since December of 2002 due to chronic

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-1

fatigue, chest muscle spasms, degenerative disc disease, hepatitis C, a pinched nerve, ankle pain and weakness, and bone spurs in his right foot. (Tr. 51.) Benefits were denied initially and on reconsideration. (Tr. 34-36, 38-39.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Richard A. Say on November 14, 2006. (Tr. 407-431.) Plaintiff, who was present and represented by counsel, and vocational expert Dennis J. Elliott, testified.  The ALJ denied benefits and the Appeals Council denied review.  (Tr. 6-8, 28.)  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  Plaintiff was 49 years old at onset and 53 at the time of the hearing.  (Tr. 409.) Plaintiff has a high school education.  (*Id*.)  He has past work experience as a telephone maintenance mechanic and construction worker.  (Tr. 424.)  He testified he lives with his father and cooks, drives, shops and does laundry.  (Tr. 414.)  Plaintiff testified that he planned to undergo treatment in January of 2007 [about two months after the hearing] for hepatitis.  Treatment could not be started until he reached six months of sobriety.  (Tr. 412.)  He testified he suffers from back pain, emphysema, chest pain, pain radiating down his legs from pinched nerves, a hiatal hernia, and fatigue.  (Tr. 411, 413, 416.)  Plaintiff testified he could lift ten pounds and stand 15 minutes.  (Tr. 416.)

**ADMINISTRATIVE DECISION**

ALJ Say found plaintiff met the insured status requirements for

DIB through December 31, 2007. (Tr. 17, 19.) At step one of the sequential evaluation, the ALJ found plaintiff had not engaged in substantial gainful activity since the onset date of December 1, 2002. (Tr. 19.) At steps two and three, he found plaintiff had the severe impairments of degenerative disc disease, chronic obstructive pulmonary disease, and hepatitis C (Tr. 19), but these impairments alone or in combination did not meet or equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 23.) The ALJ found plaintiff less than fully credible. (Tr. 25.) He determined plaintiff had the residual functional capacity (RFC) to perform a wide range of light work. (Tr. 23, 27.)

At step four, based on vocational expert testimony, the ALJ determined plaintiff could not perform his past relevant work. (Tr. 26.) At step five, also relying on the VE's testimony, the ALJ found plaintiff had transferable skills and could work at the light level as a testing and regulating technician, or at the sedentary level at a trouble locator test desk. (Tr. 27, 426-427.) Therefore, plaintiff was not found "disabled" as defined in the Social Security Act at any time through the date of the ALJ's decision. (Tr. 27-28.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-3

another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-4

404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff argues the ALJ erred by failing to fully credit the opinion of treating physician Dr. Vides, by finding radiculopathy a non-severe impairment at step two, and in assessing credibility. The first issue is dispositive.

**DISCUSSION**

**A.   Treating Physician's Opinion**

Plaintiff alleges the ALJ failed to properly credit the opinion of his treating physician, Eduardo Vides, M.D. (Ct. Rec. 18 at 16-19.) The Commissioner responds that, to the extent the ALJ rejected some of

Dr. Vides's opinions, he properly rejected them as based on plaintiff's discredited subjective complaints. (Ct. Rec. 22 at 8-10.)

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 4416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F. 2d 341, 345 (9th Cir. 1991).

A treating or examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004). If the treating or examining physician's are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1453, 1463 (9th Cir. 1995). In addition to medical reports in the record, the analysis and opinion of a non-examining medical expert selected by the ALJ may be helpful to the adjudication. *Andrews v. Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F. 2d 747, 753 (9th Cir. 1989). Testimony of a medical expert may serve as substantial evidence when supported by other evidence in the record. *Id.*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-6

Treating physician Eduardo Vides, M.D., noted in June of 2003 that plaintiff suffered from hepatitis C and chronic low back pain. (Tr. 290.) He began plaintiff on a course of prednisone. (Id.) Dr. Vides continued to treat plaintiff (along with several other treatment providers).  Two years later, in June of 2005, Dr. Vides opined plaintiff: (1) could sit four hours out of eight, and stand or walk one hour in eight; (2) would likely experience increased symptoms if placed in a competitive work environment; (3) experiences pain, fatigue or other symptoms that are "frequently to constantly" severe enough to interfere with attention and concentration; (4) is incapable of tolerating even low stress due to COPD, hepatitis C, and chronic back pain; (5) requires 5 unscheduled breaks a day, each for 15 minutes; and (6) will likely miss work more than 3 times monthly because of impairments or treatment.  (Tr. 344, 346-348.)  These limitations indicate that plaintiff would be unable to work at full-time competitive employment.

Nearly a year later, on May 24, 2006, Dr. Vides assessed the same impairments, again of such severity that full-time competitive employment would be precluded. (Tr. 360-364.)

The ALJ explicitly gives Dr. Vides's opinion little weight (Tr. 26) but states three times that "Dr. Vides concluded in September 2005 that the claimant was capable of sedentary work." (Tr. 23, 23, and 26, referring to Exhibit 18F.)  The ALJ's emphasis on the assessment for sedentary work is misplaced for two reasons. By focusing on a single statement in September 2005, the ALJ seems to disregard Dr. Vides's later opinion in May of 2006 that plaintiff is incapable of competitive full-time employment.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-7

Perhaps more importantly, in the same exhibit the ALJ refers to, Exhibit 18F (Tr. 353-355, examination dated 10/15/2005), Dr. Vides opines that active hepatitis C causes marked impairment in the ability to perform one or more basic work-related activities. Marked is defined as "very significantly interfering" with the ability to perform at least one basic work-related activity. In Exhibit 18F, Dr. Vides opines that COPD and chronic low back pain cause plaintiff to suffer from moderately severe impairments, defined as significantly interfering with the ability to perform at least one basic work-related activity. (Tr. 354.)

On the lower half of Exhibit 18F, Dr. Vides wrote "sedentary," indicating plaintiff's "overall work level." (Tr. 354.) Exhibit 18F defines sedentary as: "The ability to lift 10 pounds maximum and frequently lift and/or carry such articles as files and small tools. A sedentary job may require sitting, walking and standing for **brief periods**." (Tr. 354)(emphasis added.) As the plaintiff correctly points out, the definition of sedentary work in Exhibit 18F is consistent with Dr. Vides's other assessed limitations, including the ability to stand or walk for no more than an hour and sit no more than four hours in an eight-hour day. (Ct. Rec. 18 at 17.) It is inconsistent with the regulatory definition of sedentary work, which requires an ability to sit for six out of an eight hour day. *See* 20 C.F.R. § 404.1567; SSR 83-10/

The ALJ gave Dr. Vides's opinion of plaintiff's limitations, other than the assessment for "sedentary work," little weight:

> Dr. Vides concluded in September 2005 that the claimant was capable of sedentary work. However, just a few months earlier, he had reported the claimant could only lift up to 10 pounds occasionally, sit four hours in an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-8

>    eight-hour day, and stand and walk one hour in an eight-hour day, **with other limitations**. However, there is no indication of worsening in the claimant's condition over the intervening months nor is there evidence of substantial improvement. The claimant's primary complaint was related to fatigue as his back pain was reported to be better. It appears that both Dr. Vides and Mr. Segren [PAC] based their opinions on the claimant's subjective statements and those statements appear to be exaggerated as explained previously. Therefore, Dr. Vides' opinion is given little weight.

(Tr. 26)(emphasis added.)

Some of the "other limitations" assessed by Dr. Vides in June of 2005 and referred to, but not described by the ALJ, include frequent to constant interference with attention and concentration caused by pain, fatigue or other symptoms, and likely absenteeism of more than three times a month due to impairments or treatment. (Tr. 347-348.) The form signed by Dr. Vides on June 24, 2005, differed from the results of an examination completed on October 15, 2005, in that the earlier form did not ask for an assessed exertion level. (*Cf*. Tr. 342-349 *with* Tr. 353-355.) More significantly, on both occasions Dr. Vides described limitations which would preclude full-time competitive employment, as he did again in May of 2006. (Tr. 360-365.) To the extent the ALJ discredited Dr. Vides's opinions in June and October of 2005 as inexplicably inconsistent, the reason is not supported by substantial evidence in the record.

The ALJ's second stated reason for discounting Dr. Vides's assessment of plaintiff's limitations is that the assessment is based on plaintiff's unreliable subjective statements. (Tr. 26.)

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). A physician's opinion may be

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO SENTENCE FOUR 42 U.S.C. § 405(g)-9

disregarded when it is premised on the properly rejected subjective complaints of a plaintiff. *See Tonapetyan v. Halter*, 242 F. 3d 1144, 1149 (9th Cir. 2001). The opinion of Dr. Vides is based, however, on more than plaintiff's statements. The medical opinions and evidence (other than the opinions of agency physicians) largely support Dr. Vides's opinion.

The ALJ appears to discount the opinion of treatment provider Ernest Segren, PAC, because it too is based on plaintiff's unreliable subjective complaints. (Tr. 26.) Mr. Segren assessed an RFC for light work on March 21, 2003. (Tr. 139.) Six months later, he assessed moderate impairment from DDD and chronic fatigue, noted plaintiff was motivated to return to the workforce, and opined he could perform sedentary work. (Tr. 146-147.) On December 23, 2003, after treating plaintiff for nine months, Mr. Segren stated: "I believe this gentleman to have a very poor prognosis for recovery to full work capacity. His condition appears fixed/stable at this point." (Tr. 153.)

Several objective records support some of the opinions of both Dr. Vides and Mr. Segren, particularly with respect to chronic low back pain, apart from any statements by plaintiff: (1) a lumbar MRI in April of 2003 reveals a posterior annular tear at L4-5 and L5-S1, "which may elicit patient symptoms as a result of leukotriene release" (Tr. 142); (2) significant paraspinal muscle cramping is noted on examination by treating neurologist Hui-Juan Zhang, M.D., in May of 2003; in June 2003, Dr. Zhan assesses chronic low back pain with EMG evidence of lumbar sacral radiculopathy bilaterally (Tr. 144, 264); (3) Wing Chau, M.D., assesses bilateral sacroiliitis and mechanical

back pain, as a result, gives cortisone injections and prescribes pain medication from June of 2003-April 11, 2005 (Tr. 166-170; 265-279; 284); and (4) an MRI on October 19, 2005 shows mild to moderate multilevel degenerative disc disease. (Tr. 356-357.)

To reject a treating physician's opinion which is contradicted by other evidence, the ALJ must set forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d at 1463. The ALJ fails to give either clear and convincing or specific and legitimate reasons supported by the record for discounting the opinions of treating physician Dr. Vides.

**B. RFC**

In his hypothetical to the VE, the ALJ included the following limitations:

> We'll say he's limited to light exertional activities now with additional functional limitations such that he can occasionally stoop, crouch, crawl, kneel, balance, or climb ramps and stairs. He's – he would have to avoid ladders, ropes – climbing ladders ropes, and scaffolds. He can occasionally reach overhead. And he should avoid exposure to unprotected heights and moving machinery. Now, let's see. There's a diagnosis of COPD in here, too, so I'll say he would have to avoid environments involving odors, fumes, dust, gases. All right. Assume further that this individual is afflicted with symptoms from various sources, including mild to chronic pain, which is of sufficient severity to be noticeable to him at all times, but he would be able to remain attentive and responsive in a work setting and to carry out normal work assignments satisfactorily. Assume further that this individual takes medication for relief of his symptoms, but the medications would not prevent him from functioning at the level indicated and that he would remain reasonably alert to perform the required functions presented by his work setting. Let's see. Assume further that this individual, while functioning at the level indicated, would find it necessary to change positions from time to time to relieve his symptoms, perhaps shifting weight or and moving around.

(Tr. 424-425.)

The ALJ's hypothetical does not include the limitations on concentration and higher than normal absenteeism assessed by treating physician Dr. Vides.

**B. Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinions of a treating or examining physician. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law." *Lester* v. Chater, 81 F. 3d 821, 834 (9th Cir. 1996); *Pitzer v. Sullivan*, 908 F. 2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F. 2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister v. Sullivan,* 888 F. 2d 599 (9th Cir. 1989), a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion. *See also Benecke v. Barnhart*, 379 F. 3d 587, 594 (9th Cir. 2004)(court has flexibility in crediting testimony if substantial questions remain as to claimant's credibility and other issues). Where evidence has been identified that may be a basis for a finding, but the findings are not articulated, remand is the proper disposition. *Salvador v. Sullivan*, 917 F. 2d 13, 15 (9th Cir. 1990) (citing *McAllister); Gonzalez v. Sullivan*, 914 F. 2d 1197, 1202 (9th Cir. 1990).

Remand is appropriate because the ALJ fails to give specific and legitimate reasons for disregarding the opinions of treating physician Dr. Vides. Upon further hearing, the ALJ will weigh and analyze the medical opinions of Dr. Vides, Dr. Zhang, Dr. Chau, and Mr. Segren, and the other medical evidence, reevaluate plaintiff's credibility,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-12

determine plaintiff's RFC, and obtain a VE's testimony.  The testimony of a medical expert may be helpful.  The court expresses no opinion as to what the ultimate outcome on remand will or should be.  The fact-finder is free to give whatever weight to the evidence is deemed appropriate.  *See Sample v. Schweiker*, 694 F. 2d 639, 642 (9th Cir 1982) ("Q)uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary").

## CONCLUSION

The ALJ's decision is not supported by substantial evidence and free of legal error.  A remand for further proceedings is the proper remedy.  On remand, the ALJ will conduct a new sequential evaluation, make new credibility findings with specificity, make a new RFC determination, and take additional vocation expert testimony at step five.

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 17)** is **GRANTED**.  The matter is remanded to the Commissioner for additional proceedings pursuant to sentence four 42 U.S.C. 405(g).

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **DENIED.**

3.   An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED July 28th, 2008.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-13

| | |
|---|---|
| 1 | s/ James P. Hutton |
| 2 | JAMES P. HUTTON |
| | UNITED STATES MAGISTRATE JUDGE |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING FOR ADDITIONAL PROCEEDINGS PURSUANT TO
SENTENCE FOUR 42 U.S.C. § 405(g)-14